MEMORANDUM **
Chevron appeals the district court’s denial of its motion for judgment as a matter of law as to Pande’s Fair Employment and Housing Act and to the award of punitive damages. We affirm.
I
A jury found for Pande on her retaliation claims under California’s Fair Employment and Housing Act and for violations of California public policy. Because the evidence put before the jury at trial was sufficient to support its finding a causal link between Pande’s protected conduct (complaints of employment discrimination) and the adverse employment action (failure to obtain a new position within Chevron after her employment group was relocated), the district court’s denial of Chevron’s motion for judgment as a matter of law is affirmed.
II
The same jury also awarded Pande punitive damages. Under California law, punitive damages against a corporate employer may not be awarded unless the “advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice” is “on the part of an officer, director, or managing agent of the corporation.” California Civil Code § 3294(b). Pande must have proved her case to the jury by “clear and convincing evidence.” Cal. Civ.Code § 3294(a).
Chevron appeals, arguing that Pande did not introduce sufficient evidence to permit the jury to find, under the clear and convincing evidence standard, that one or more of the relevant actors was a managing agent.
Under California law, a “ ‘managing agent’ ” includes “only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy.” White v. Ultramar Inc., 21 Cal.4th 563, 566-67, 88 Cal.Rptr.2d 19, 981 P.2d 944 (1999). Indeed, this is the definition cited and relied upon by Chevron and used, verbatim, in the jury instructions. Whether someone is a “managing agent” is a question of fact and the individual need not occupy any particular “level” or *771 “official title.” White, 21 Cal.4th at 571, 573, 88 Cal.Rptr.2d 19, 981 P.2d 944.
Because we find sufficient evidence to support the jury’s determination, we affirm for the same reasons stated by the district court in its denial of Chevron’s motion for judgment as a matter of law.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.